Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

## COBIÁN *v.* RIVERA.

### APPEAL from the District Court of San Juan.

No. 87.—Decided June 27, 1903.

UNLAWFUL DETAINER—WHO MAY INSTITUTE SAME.— All persons legally entitled to the possession of an estate as owners, have a right to institute an action of unlawful detainer.

ID.—AGAINST WHOM IT MAY BE INSTITUTED.—An action of unlawful detainer may be instituted against tenants at sufferance or any other persons

ID.—CONTRA QUIEN PUEDE PROMOVERSE.—El Desahucio procede contra cualquier persona que tenga en precario la finca, sea rústica ó urbana, sin pagar merced, y siempre que fuere requerida con un mes de anticipación para que la desocupe.

ID.—USUFRUCTO.—Vendida una finca con pacto de retro, y concedido al vendedor el usufructo de la misma por el tiempo que dure el retro, vencido el plazo de éste, queda extinguido el título de usufructuario del vendedor, é inscrita dicha finca en el Registro de la Propiedad á favor del comprador, en nada puede dicho título de usufructuario perjudicar el derecho del comprador para ejercitar la acción de desahucio sobre la misma finca, pues el dominio y posesión civil que de ella tiene, le dan la personalidad que requiere la ley para poder ejercitar dicha acción.

ID.—TENENCIA EN PRECARIO.—Fundada una demanda de desahucio en el disfrute ó tenencia en precario, de la finca, por parte del demandado, cabe discutir y resolver en el juicio sobre la existencia de tal fundamento, sin que para ello sea necesario que se haga declaración prévia en otro juicio acerca de si el demandante ha adquirido irrevocablemente, y por completo, la propiedad y posesión de la finca objeto del desahucio.

COSTAS.—Las costas deben imponerse á la parte cuyas pretensiones han sido totalmente denegadas.

### EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de San Juan por Don Rafael Cobián Romeu, propietario, vecino de Bayamón, contra Don Macario Rivera Morales, vecino de Naranjito, sobre desahucio de una finca rústica, cuyo juicio pende ante Nos en virtud de un recurso de casación, hoy de apelación, interpuesto por la parte demandada contra la sentencia dictada por dicho Tribunal, habiendo representado y dirigido ante esta Corte Suprema á Rivera Morales el Letrado Don Manuel F. Rossy, y á Cobián Romeu, primero el Letrado Don Juan de Guzmán Benítez, y después el Letrado Don Wenceslao Bosch.

*Resultando:* que la sentencia apeleda, dictada por mayoría de votos, y el voto particular del Juez disidente, literalmente dicen así :

"En la Ciudad de San Juan de Puerto Rico, á 28 de Noviembre de 1902. Visto este juicio de desahucio seguido por Don Rafael Cobián y Romeu dirigido y representado por el Letrado D. Juan de Guzmán Benítez, contra Don Macario Rivera y Morales, vecino de Naranjito, dirigido y representado por el Licenciado Don Manuel F. Rossy.

*Resultando:* que Don Rafael Cobián y Romeu acompañando las diligencias practicadas en el Juzgado Municipal de Naranjito, requiriendo á Don

enjoying the estate whether rural or urban without paying rent therefor, provided that one month's notice to vacate has been given.

ID.—USUFRUCT.—Where an estate has been sold with the right of redemption reserved to the vendor and usufruct thereof during the term agreed for said redemption, upon the expiration of said term the vendor's right as usufructuary ceases, and the estate being recorded in the registry of property in favor of the vendee, aforesaid right of usufruct cannot in any manner impair the latter's right to institute an action of unlawful detainer, inasmuch as his title thereto and possession thereof invest him with the capacity required by law for the prosecution of such action.

ID.—TENANT AT SUFFERANCE.—An action of unlawful detainer based upon the fact that defendant holds property as a tenant at sufferance will be considered in this hearing upon the evidence presented without the necessity of a prior decision in another action as to whether plaintiff acquired irrevocably and completely the ownership and possession of the property which is the object of the action of unlawful detainer.

COSTS.—Costs shall be taxed against the party who loses his case on all points,

### STATEMENT OF THE CASE.

This suit was instituted in the District Court of San Juan by Rafael Cobián Romeu, a property owner, resident of Bayamón, against Macario Rivera Morales, a resident of Naranjito, for the unlawful detainer of a farm, which action is pending before us on appeal in cassation, now appeal, from the judgment rendered by said court, taken by the party defendant, Rivera Morales, who was represented in this Supreme Court by Manuel F. Rossy, Esq., and the plaintiff, Cobián Romeu, represented first by Juan de Guzmán Benitez and later by Wenceslao Bosch.

The judgment appealed from, rendered by a majority vote and the opinion of the dissenting judge, literally read as follows:

"In the City of San Juan, Porto Rico, November 28, 1902. The hearing was had in this action of unlawful detainer prosecuted by Rafael Cobián y Romeu, represented by Juan de Guzmán Benitez Esq., against Macario Rivera y Morales, represented by Manuel F. Rossy Esq.

Rafael Cobián y Romeu filed a complaint in this court together with a report of the proceedings had in the Municipal Court of Naranjito before which Macario Rivera Morales was summoned on November 22, 1901, and given one month within which to vacate the farm and all the appurtenances thereof, to be hereinafter described, praying that the action of unlawful detainer be sustained with costs against the adverse party. The facts as set

Macario Rivera Morales en 22 de Noviembre de 1901 para que en el término de un mes desaloje toda la finca rústica y sus pertenencias, que en el escrito menciona, y luego se describirá, formuló demanda ante este Tribunal, suplicando se declare con lugar el desahucio, con las costas á la contraria, basándola en que por escritura de 13 de Enero de 1893 ante el Notario Don Tomás Valldejuli vendió Rivera á Cobián Solis y Compañía la finca radicada en Cedro Abajo, del Naranjito, compuesta de ciento veinte y nueve cuerdas de terreno, colindante al Este con Don Isaac Morales, al Norte con Don Bernabé Berríos y Don Raimundo Morales, al Oeste con Don Francisco Rodríguez y al Sur con Don Braulio y Don Isaac Morales ; que el precio fué tres mil setecientos ochenta y cuatro pesos mejicanos, que si los devolvía el vendedor con los gastos, dentro de cuatro años, ó sea el 12 de Enero de 1897, se la traspasaría, quedando mientras Rivera como usufructuario durante los cuatro años del retro, á condición de conservarla en buen estado, como buen administrador, y pagando las contribuciones que á la finca se impusieran ; que vencido el término no devolvió las sumas, estipulando en 21 de Enero de 1897 ante el mismo Notario, con Valdés Cobián y Compañía, á quienes pasó el derecho de Cobián Solis y Compañía, prorrogar por otros cuatro años, con las mismas condiciones, entendiéndose el precio expresado de la venta en moneda provincial, y dos mil novecientos cinco pesos veinte centavos más, que confesó recibidos de los mismos compradores ; que por escritura de 7 de Agosto de 1899, al disolverse la Sociedad Valdés Cobián y Compañía, se adjudicó la finca á Don Rafael Cobián y Romeu, inscribiéndose en el Registro de la Propiedad ; que no entregó Rivera el precio, se le pidió la finca y se negó con fútiles pretextos, poseyendo la finca en precario sin pagar merced ; se le requirió el 22 de Noviembre de 1901 sin haberla desalojado, á pesar del transcurso de más de treinta días, pretendiendo derecho sobre las pertenencias, ó sea edificios, casa de máquina, ranchón, wagones y correderas : siendo el derecho los artículos 348 y 513 del Código Civil y el caso 3º del artículo 1563 de la Ley de Enjuiciamiento Civil.

*Resultando:* que opuesto el demandado en la comparecencia, contestó la demanda pidiendo se declare sin lugar y con las costas, sentando: que el demandante expone quedó Rivera como usufructuario siendo el retro prorrogado con aumento del precio, pero esa prórroga no fué inscrita y no cumplió con las condiciones del usufructo, por cuya razón, poseida así la finca no es precario, aunque diera aviso, y no puede ejercitar la acción de desahucio: que la finca tiene hoy otras colindancias, por colindar al Norte con Doña Josefa Morales, pretendiendo el actor que la propiedad de dicha señora entre á formar parte de la finca del pleito: que Rivera ha pagado trescientos noventa y seis pesos por año en los de 1894 á 1896 y tiene, además, cuentas con la Sociedad Valdés, Cobián y Compañía que no están arregladas; y que el derecho aplicable es el artículo 522 del Código Civil, las Sentencias del

forth in the complaint were that by deed executed January 13, 1893, before Notary Tomás Valldejuly, Rivera sold to Cobián, Solís & Co. the farm situated in "Cedro Abajo", township of Naranjito, consisting of one hundred and twenty-nine *cuerdas* of land, bounded on the east by lands of Isaac Morales; on the north by those of Bernabé Berrios and Raimundo Morales; on the west by lands belonging to Francisco Rodriguez, and on the south by those of Braulio and Isaac Morales; that the price was three thousand seven hundred and eighty-four Mexican *pesos*, the property to be transferred to the vendor if, within four years, or on January 12, 1897, he should return the purchase money together with expenses, Rivera in the meantime to enjoy the usufruct of the farm provided he preserved it in good condition as a wise administrator, and pay the taxes imposed upon the property; that aforesaid term of four years expired and the vendor having failed to return the purchase money, by an instrument executed January 21, 1897, before the same notary, an extension of another four years upon the same conditions was stipulated with Valdés. Cobián & Co., to whom the rights of Cobián, Solís & Co. had been transferred, the aforesaid price, however, to be understood as payable in provincial money, together with an additional sum of two thousand nine hundred and five *pesos* and twenty *centavos* which the vendor acknowledged having received from the vendees; that by deed of August 7, 1899, upon the dissolution of the firm of Valdés Cobián & Co., the property was awarded to Rafael Cobián y Romeu, a record to that effect being made in the Registry of Property; that the purchase money not having been refunded by Rivera, he was required to deliver the property which he refused to do under flimsy pretexts, and continued in the possession of the farm as a tenant at sufferance, without paying rent therefor. On November 22, 1901, demand was made that Rivera vacate, but he failed to do so notwithstanding the lapse of more than thirty days, claiming a right to the appurtenances, namely, the buildings, engine-house, shed, cars and tracks. The legal authorities cited in support of the complaint were articles 348 and 513 of the Civil Code and paragraph 3 of article 1563 of the Law of Civil Procedure.

In answer to the complaint defendant prayed that the same be dismissed with costs, setting forth that plaintiff alleged that Rivera had remained in possession of the farm as usufructuary, the term for redemption having been extended with an increase in the price; but said extension had not been recorded, plaintiff thereby failing to comply with the condition of the usufruct, and the farm thus possessed is not occupied at sufferance despite the notice to vacate, and therefore the action of unlawful detainer cannot be maintained; that the property now has other boundaries inasmuch as it is bounded on the north by the property of Josefa Morales, which the plaintiff pretends forms a part of the land involved in this litigation; that Rivera has

Tribunal Supremo de 30 de Noviembre y 4 de Diciembre de 1877 y 6 de Julio de 1899; que el incumplimiento de condiciones para el usufructo no da lugar al desahucio y para pedirlo es preciso fijar con claridad su situación, extensión y colindancias: que existiendo cuentas y hecho pagos á cuenta del precio, no procede el desahucio y que existe falta de acción.

*Resultando:* que abierto á prueba, de la del actor consta: primero: la escritura de venta con pacto de retro de 13 de Enero de 1893 que menciona el primer Resultando, con la donación del usufructo y el número de cuerdas, colindancias, precio y plazo del retro en dicho Resultando expresados; segundo: escritura de prórroga del retro de 21 de Enero, referida en el citado Resultando, constando el traspaso ó aportación á Valdés Cobián y Compañía, precios relacionados y en moneda provincial que confiesa recibidos y prórroga de cuatro años más, testimonio . por exhibición de la parte necesaria de la escritura de disolución de Valdés Cobián y Compañía, en 7 de Agosto de 1899 y la adjudicación en pago de la finca objeto de este pleito; tercero: certificaciones libradas por el Registrador de la Propiedad de constar en 14 de Abril de 1898 inscrita la finca de referencia á favor de Valdés Cobián y Compañía, y que esa finca correspondió á Don Macario Rivera Morales, según escritura que le otorgaran los anteriores poseedores, entre ellos Doña Josefa Morales y Morales, y en 5 de Julio de 1900 está inscrita á favor de Don Rafael Cobián y Romeu; cuarto: recibos de las contribuciones pagadas por dicho Cobián Romeu en 1898-99 y primer trimestre de 1901-1902.

*Resultando:* que el demandado acompañó varios documentos privados, fechados en 1893, parte de la copia de una cuenta, fechada en 15 de Enero de 1897, sin firmar, cuyos documentos y cuenta, así como la demás prueba por dicha parte promovida, no se practicó por no haberla gestionado.

*Resultando:* que señalado día para la vista sólo compareció al acto el defensor del demandante que expuso lo que estimó procedente al derecho que representa, y votada la sentencia disintió el Juez Asociado suplente, Don Juan Hernández López. Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martínez.

*Considerando:* que comprada la finca con pacto de retro, vencido el plazo y su prórroga en 12 de Enero de 1901, inscrita en el Registro de la Propiedad á nombre del desahuciante, sin que conste en autos lo contrario, y pagadas por el demandante las contribuciones, en especial las de 1 de Julio á 31 de Diciembre de 1901, que son posteriores al 12 de Enero de ese año, en que venció el retro, no puede negarse al actor la acción y derecho al desahucio, deducida contra quien ocupa la finca sin pagar merced ni ostentar más título que le dé derecho á disfrutarla que la concesión y tolerancia del dueño, revocables á su voluntad, siempre que sea comunicada al tenedor precario con un mes de anticipación, según la Ley de Enjuiciamiento Civil.

*Considerando:* que el usufructo concedido durante el retro, vencido el

paid three hundred and ninety-six *pesos* every year from 1894 to 1896, and has moreover accounts with Valdés Cobián & Co. which are not yet settled; that the legal authorities applicable to the case under consideration are article 522 of the Civil Code and the judgments of the Supreme Court of November 30, and December 4, 1877, and July 6, 1899; that the failure to comply with the conditions of the usufruct prevents the bringing of an action of unlawful detainer, and that to maintain such an action the situation, extent and boundaries of the property should be clearly set out; that inasmuch as there are accounts pending and payments made on account of the price an action of unlawful detainer cannot be maintained, and the cause of action is lacking.

The introduction of evidence having been proceeded with, plaintiff submitted: First.—The deed of sale containing a redemption clause, dated January 13, 1893, referred to in the first finding of fact, with the right of usufruct, and stating the number of *cuerdas*, boundaries, price and term within which the property could be redeemed, as specified in the foregoing finding of fact. Second.—The deed of January 21, renewing the contract for another term of four years, and stated in the said finding, and mentioning the fact that the property had been transferred to Valdés Cobián & Co., the price being fixed in provincial money which the vendor acknowledges having received, a certificate of the necessary portion of the instrument of dissolution of the firm of Valdés Cobián & Co. on August 7, 1899, and the award of the property involved in this litigation. Third.—Certificates issued by the Registrar of Property to the effect that the farm had been recorded in favor of Valdés Cobián & Co. under date of April 14, 1898, and that the same had belonged to Macario Rivera Morales, according to deed executed by the former owners, one of whom was Josefa Morales y Morales, and that since July 5, 1900, it stood upon the record as the property of Rafael Cobián Romeu. Fourth.—Receipts of taxes paid by said Cobián Romeu for 1898-99 and the first quarter of 1901-02.

Defendant presented several private documents bearing date of 1893, and a part of the copy of account dated January 15, 1897, without signature, which documents and account, as well as the other evidence proposed by said party were not introduced by him.

A day having been set for the hearing, the only one to make an appearance was counsel for the defendant who offered such arguments on behalf of his client as where deemed proper, and when judgment was rendered Substitute Associate Judge Juan Hernández López dissented. Presiding Judge Juan Morera Martinez delivered the following opinion of the court:

" The farm having been purchased with the right of redemption reserved to the vendor, the term agreed upon for said redemption and the extension thereof expired on January 12, 1901; and inasmuch as the ownership of the

plazo de éste, no puede impedir la acción ejercitada por el demandante, y no existiendo contrato de arrendamiento para que tuviera lugar la tácita reconvención, las alegaciones del demandado no pueden impedirla porque, transcurrido el plazo del requerimiento antes indicado, la escritura de adquisición de la finca es título suficiente para pedir el desahucio, sin que á él pueda oponerse cuestión alguna, que en todo caso sería propia de otro juicio diverso de los en la Ley consignados como sumarios.

*Considerando:* que no habiéndose practicado prueba alguna que desvirtue la acción y derecho del demandante, robustecido por su prueba, hay que declarar con lugar la demanda con las costas.

*Fallamos:* que debemos declarar y declaramos con lugar la demanda de desahucio seguida por Don Rafael Cobián Romeu y en su virtud condenamos á Don Macario Rivera y Morales á que desaloje la finca rústica objeto de este juicio, bajo las colindancias que el primer Resultando y la escritura por el actor producida expresan, dentro de veinte días apercibido de lanzamiento, con las costas al demandado.—Así, por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Juan Morera Martínez.—Juan Hernández López.—Jacinto Texidor".

"El Juez Asociado que suscribe entiende que en este pleito ha debido dictarse la siguiente sentencia: Aceptando los Resultandos de la sentencia dictada por este Tribunal.

*Considerando:* que la posesión de la finca objeto del desahucio por parte del demandado, no lo es á título de precario, sino de usufructuario y por virtud de un contrato de compra-venta de dicha finca, con condición resolutoria ó pacto de retro.

*Considerando:* que el demandante funda su demanda en el hecho de haberse cumplido la condición resolutoria y no haber hecho el demandado uso del derecho de recuperar la finca en el tiempo pactado.

*Considerando:* que la cuestión inherente á los derechos alegados, de si el demandado no cumplió con lo dispuesto en el artículo del Código Civil y si por consiguiente el demandante adquirió irrevocablemente y por completo la propiedad y posesión de la finca vendida con arreglo al artículo de dicho Código, exige una previa declaración que la resuelva para determinar la posesión de que se hace nacer la acción de desahucio.

*Considerando:* que tales cuestiones sobre cumplimiento y para hacer efectivos los derechos nacidos del expresado contrato de compra-venta, deben ser ventiladas en un juicio declarativo y no en un juicio de desahucio.

*Fallamos:* que debemos declarar y declaramos sin lugar la demanda con las costas al demandante.—Así, por esta sentencia, lo pronunciamos, mandamos y firmamos.—Juan Hernández López."

*Resultando:* que contra esta sentencia interpuso la repre-

property appears recorded in the Registry in the name of the party prosecuting the action of unlawful detainer (nothing to the contrary appearing in the record), who has paid the taxes, especially those assessed from July 1 to December 31, 1901, that is to say, subsequently to January 12 of the same year when the contract expired, there is no denying plaintiff's right to prosecute the action of unlawful detainer against a person who occupies the property without paying any rent and can show no title giving him the right to the enjoyment thereof, except the owner's sufferance and toleration, which may be recalled at will provided thirty days notice be given to the tenant according to the Law of Civil Procedure.

The usufruct allowed during the life of the contract, the term thereof having expired, does not constitute a bar to the action prosecuted by plaintiff, and there existing no lease giving rise to a counterclaim, the facts alleged by defendant cannot prevent said action, because, after the expiration of the thirty day period aforesaid the deed of conveyance of the farm is sufficient title upon which to demand ejectment, which can only be contested in another action of a different character from those defined by the law as summary proceedings.

No evidence having been introduced disproving plaintiff's right to recover, which is supported by his evidence, judgment must be entered in his favor, with costs against defendant.

We adjudge that we should sustain and do sustain the action of unlawful detainer prosecuted by Rafael Cobián Romeu, and Macario Rivera y Morales is accordingly ordered within the term of twenty days to vacate the farm involved in this action, and included within the boundaries described in the first finding of fact and the deed produced by the plaintiff, under penalty of ejectment, costs being taxed against said defendant. Thus, by this our judgment, do we pronounce, order and sign.—Juan Morera Martinez.—Juan Hernández López.—Jacinto Texidor."

"The undersigned Judge is of the opinion that in the present case judgment should have been rendered as follows: The findings of fact of the judgment rendered by this court are accepted.

The farm involved in this action of unlawful detainer is not held by defendant at sufferance, but in the capacity of usufructuary by virtue of a contract of purchase and sale of said farm with a clause reserving to the vendor the right to redeem the same within a stipulated time.

Plaintiff bases his complaint on the fact that defendant allowed the term to expire without making use of his right to recover the property within the stipulated time.

The question of the inherent rights alleged as to whether defendant failed to comply with the provisions of the article of the Civil Code, and whether by reason of said failure plaintiff under aforesaid article acquired irrevocably

sentación de Don Macario Rivera Morales recurso de casación por infracción de Ley, que le fué admitido, y elevados los autos á esta Corte Suprema, previo emplazamiento de las partes, se estimó dicho recurso como de apelación y se acomodó la sustanciación del mismo á la Ley de la Asamblea Legislativa, aprobada en 12 de Marzo último, sobre conversión de esta Corte Suprema en corte de apelación, habiendo evacuado ambas partes el trámite de instrucción y señaládose día para la vista, que tuvo lugar el día 23 del actual, en cuyo acto informaron los Letrados de las partes apelante y apelada cuanto creyeron conducente á la defensa de sus respectivas pretensiones.

Abogado del apelante : *Sr. Rossy (Manuel F.)*

Abogados del apelado : *Sres. Guzmán Benitez (Juan)* y *Bosch.*

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

*Aceptando* todos los fundamentos de hecho y de derecho de la sentencia recurrida.

*Considerando :* que según el artículo 1562 de la Ley de Enjuiciamiento Civil, serán parte legítima para promover el juicio de desahucio, entre otros, los que tengan la posesión real de la finca á título de dueños, y con arreglo al artículo siguiente, procederá el desahucio contra las personas que expresa en sus números 1 y 2, y además contra cualquiera otra que disfrute ó tenga en precario la finca, sea rústica ó urbana, sin pagar merced, siempre que fuere requerida con un mes de anticipación para que la desocupe.

*Considerando :* que estando como está inscrita en el Registro de la Propiedad, á favor de Don Rafael Cobián Romeu, la finca á que se contrae el presente juicio, el dominio y la posesión civil que de ella tiene le dan la personalidad que requiere el artículo 1562 de la Ley de Enjuiciamiento Civil, anteriormente citada, para ejercitar la acción de desahucio que dedujo contra Don Macario Rivera Morales ; y

and completely the ownership and possession of the farm sold, calls for a decision upon that point before disposition can be made of the matter of possession from which the action of unlawful detainer arises.

Questions as to the fulfillment of the conditions of a contract of purchase and sale and the vindication of rights emanating therefrom, such as the one in issue, should be tested in a declaratory action, and not in an action of unlawful detainer.

We adjudge that we should declare and do declare that the complaint does not lie, and impose costs upon plaintiff. Thus, by this our decision, do we adjudge, order and sign.—Juan Hernández López."

From the foregoing decision of the court counsel for Macario Rivera Morales took an appeal in cassation based upon error of law, which was allowed, and the record having been forwarded to this Supreme Court, after the parties were duly cited, the appeal in cassation was treated as an appeal in accordance with the provisions of "An Act of the Legislative Assembly establishing the Supreme Court of Porto Rico as a court of appeals", approved March 12, 1903. The record was delivered to each of the parties and a day set for the hearing which took place on the 23rd instant, when counsel for both appellant and respondent presented such arguments as were deemed pertinent in support of their respective claims.

*Mr. Manuel F. Rossy*, for appellant.

*Messrs. Juan de Guzmán Benítez* and *Bosch*, for respondent.

Mr. Justice Hernández, after making the above statement of facts, delivered the opinion of the court, as follows:

The findings of fact and conclusions of law contained in the judgment appealed from, are accepted.

According to article 1562 of the Law of Civil Procedure, among other persons, all those legally entitled to the possession of an estate, as owners, shall be considered legal parties to institute an action of unlawful detainer, and according to article 1563 of said law, an action of unlawful detainer may be instituted against the persons mentioned under paragraphs 1 and 2 thereof as also against any other person enjoying the estate, whether rural or urban, without paying

que éste, requerido con un mes de anticipación á la promo-
ción del juicio, para que desocupara dicha finca, la está dis-
frutando, ó tiene en precario, sin pagar retribución alguna
desde 12 de Enero de 1901, fecha en que Cobián Romeu
adquirió irrevocablemente el dominio de ella por el trans-
curso del término señalado al pacto de retro, según el ar-
tículo 1509 del Código Civil antiguo, sin que sea admisible
la alegación hecha por el demandado de poseerla á título de
usufructuario, pues ese título se extinguió en la misma
fecha en que venció el pacto de retro, al tenor de lo que
dispone el artículo 513 del mismo Código.

*Considerando:* que fundada, como se funda, la demanda
de desahucio en el disfrute ó tenencia en precario de la
finca por parte del apelante, cabe discutir y resolver en el
juicio sobre la existencia de tal fundamento, teniendo en
cuenta la prueba practicada, sin que para ello sea necesario
que se haga declaración previa en otro juicio acerca de si
Cobián Romeu ha adquirido irrevocablemente y por com-
pleto la propiedad y posesión de la finca que le fué vendida
por Rivera Morales.

*Considerando:* que las costas deben imponerse á las partes
cuyas pretensiones se hubieren totalmente desestimado,
según el artículo 63 de la Orden General No. 118, Série
de 1899.

*Vistos* los textos legales ya citados.

*Fallamos:* que debemos confirmar y confirmamos la sen-
tencia recurrida que dictó el Tribunal de Distrito de San
Juan en 28 de Noviembre del año próximo pasado, con las
costas de esta instancia también á cargo del apelante Don
Macario Rivera Morales; y con devolución de los autos
comuníquese esta resolución al Tribunal expresado, para los
efectos procedentes.

Jueces concurrentes: Sres. Presidente, Quiñones, y Aso-
ciados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la
vista de este caso.

rent therefor, provided one month's notice to vacate has been served upon him.

Inasmuch as the estate in question is recorded in the Registry of Property in favor of Rafael Cobián Romeu, his title thereto and civil possession thereof invest him with the capacity required by article 1562 of aforesaid Law of Civil Procedure, to prosecute the action of unlawful detainer instituted by him against Macario Rivera Morales, and the latter, having been required one month before the institution of the action, to vacate said property, is enjoying or holding it as a tenant at sufferance, without paying rent therefor since January 12, 1901, when Cobián Romeu acquired an irrevocable title to the possession thereof by virtue of the expiration of the term of the contract with the right of redemption, pursuant to article 1509 of the old Civil Code, the claim made by defendant that he possesses the farm in the capacity of an usufructuary, not being tenable, since said title extinguished on the date when the contract with right of redemption expired, according to the provision of article 513 of the same Code.

The action of unlawful detainer being based upon the alleged fact that appellant holds the property as usufructuary or tenant at sufferance, this question may be considered and decided in this suit, taking into account the evidence introduced without the necessity of a decision being made in another action as to whether Cobián Romeu acquired irrevocably and completely the ownership of the farm that had been sold to him by Rivera Morales.

According to section 63 of General Order No. 118, series of 1899, costs shall be imposed upon the litigant who loses his case on all points.

In view of the legal authorities cited hereinbefore we adjudge that we should affirm, and do affirm, the judgment appealed from, as rendered by the District Court of San Juan on November 28, 1902, the costs of this appeal being also taxed against the appellant, Macario Rivera Morales.

## Martinez v. El Registrador de la Propiedad.

### Recurso de queja contra el Registrador de la Propiedad de Aguadilla.

No. 5.—Resuelto en Junio 27, 1903.

CANCELACIÓN.—La nulidad de las cancelaciones practicadas por los Registradores de la Propiedad no puede decretarse en la vía gubernativa, sino por los Tribunales de Justicia, y en el juicio declarativo correspondiente.

### EXPOSICIÓN DEL CASO.

Don Joaquín Moreno, dueño de una finca radicada en el Distrito de Mayagüez y debidamente inscrita en el Registro, constituyó hipoteca voluntaria sobre ella á favor de Don Víctor Martinez, quien registró su derecho real, cuya hipoteca fué ampliada y vuelta ampliar posteriormente por escritura número 549, de 28 de Mayo de 1897, otorgada en Mayagüez ante el Notario Don Mariano Riera Palmer, por seis mil trecientos treinta pesos sesenta y tres centavos provinciales de principal y dos mil pesos nominales para costas, inscribiendo su derecho de hipoteca el acreedor Sr. Martinez en 12 de Agosto de 1897. Posteriormente á la hipoteca del Sr. Martinez, ó sea en 30 de Marzo de 1898, se anotó suspensivamente un embargo contra Don Joaquín Moreno sobre la misma finca hipotecada y otras dos fincas más por dos mil pesos á favor de Doña María Moreno de Ramirez, y cuya anotación de suspensión quedó convertida en definitiva por nueva anotación hecha en 10 de Agosto de 1898. Años después, en 1o. de Febrero de 1900, por escritura número 100 otorgada en Mayagüez ante el Notario Don Mariano Riera Palmer, el deudor dueño de la finca Don Joaquín Moreno, la adjudica al acreedor Don Víctor Martinez en pago de su crédito hipotecario, y en dicha escritura de adjudicación no se hace mención alguna de embargo á favor de la Señora Moreno de Ramirez.

Es de notar que la inscripción de esta adjudicación no la solicitó el Sr. Martinez, sino que una copia de esa escritura fué presentada en el Registro para su inscripción por Don

The record is ordered to be returned, and this decision communicated to the aforesaid court for compliance therewith.

Chief Justice Quiñones and Justices Figueras and Mac Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.